UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81229-CIV-MARRA/JOHNSON

SOUTHWESTERN BELL MOBILE
SYSTEMS, LLC, as successor in interest
to NEW YORK HOLDINGS, LLC d/b/a
CINGULAR WIRELESS, n/k/a AT&T
MOBILITY LLC,

      Plaintiff,

v.

ALAN M. KAUFMAN,

      Defendant.
_____/

**OPINION AND ORDER**

      THIS CAUSE came before the Court on Plaintiff Southwestern Bell Mobile Systems, LLC, as successor in interest to New York Holdings, LLC, d/b/a Cingular Wireless, n/k/a AT&T Mobility LLC's ("Plaintiff" or "AT&T") Motion for Entitlement to and Amount of Prejudgment Interest (DE 72), filed October 9, 2009.  Defendant Alan Kaufman ("Defendant" or "Kaufman") did not file a response to the motion and the deadline to respond has passed.  The Court has reviewed the motion and the record, and is otherwise duly advised in the premises.

      In a diversity case, both the questions of entitlement to prejudgment interest and the interest rate to be applied are determined under state law.  See Venn v. St. Paul Fire and Marine Ins. Co., 99 F.3d 1058, 1066, 1068 n.14 (11th Cir. 1996); Royster Co. v. Union Carbide Corp., 737 F.2d 941, 948 (11th Cir. 1984) ("In a diversity case we follow the state law governing the

1

award of interest."). In this case both parties agree that New York substantive law controls the action. See DE's 44, 45, 48, 54, 55, 61 (briefing on cross-motions for summary judgment). Pursuant to New York Civil Practice Law and Rules § 5001:

> (a) Actions in which recoverable. Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion.
>
> (b) Date from which computed. Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.

Plaintiff claims that it is entitled to prejudgment interest for its breach of contract action against Defendant (i.e. breach of performance of the guarantees), from July 1, 2003, the date from which the arbitrator calculated interest against Harvard Cellular for its breaches of the Agency Agreement between Plaintiff and Harvard Cellular. See DE 46-6 at 5. This date is not the appropriate starting date for calculating prejudgment interest in the present action under New York law, which states that "[i]nterest shall be computed from the earliest ascertainable date the cause of action existed." See § 5001, supra. Plaintiff's cause of action against Defendant is for breach of personal guarantees. (See Compl., DE 1). As such, the relevant date for calculating interest from when the cause of action existed is the date that Plaintiff first demanded that Defendant pay it pursuant to the personal guarantees. Plaintiff's motion fails to direct the Court to any record evidence of when it first demanded such payment from Defendant. Thus, the Court must look to when the instant lawsuit was filed, October 24, 2008, as the appropriate starting

date for calculating prejudgment interest under New York law. The interest rate is nine percent (9%) per annum. See N.Y. CPLR § 5004.

Accordingly, the calculation of prejudgment interest from October 24, 2008, though the date of this Order is as follows, on a judgment amount of $725,000.00 at an interest rate of 9% per annum: from 10/24/08-10/24/09: $65,250.00; from 10/25/09-10/30/09: $1,072.60, for a total prejudgment interest amount of $66,322.60. It is hereby

**ORDERED AND ADJUDGED** that Plaintiff is entitled to prejudgment interest in this action in the amount of $66,322.60. A separate final judgment shall follow.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of October, 2009.

_____
KENNETH A. MARRA
United States District Court

copies to:

All counsel of record

Alan M. Kaufman, pro se
99 SE Mizner Blvd #736
Boca Raton, FL 33432